# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIE CADILLO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| STONELEIGH RECOVERY ASSOCIATES, LLC, and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, NATALIE CADILLO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, STONELEIGH RECOVERY ASSOCIATES, LLC, ("STONELEIGH "), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Hudson County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. STONELEIGH maintains a location at 810 Springer Drive, Lombard, IL 60148.

8. Upon information and belief, STONELEIGH uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. STONELEIGH is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All Hudson County, New Jersey consumers who were sent letters and/or notices from STONELEIGH concerning a debt and/or obligation owed to Jersey City Medical Center, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

- The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the Defendant violated various provisions of the FDCPA including but not limited to:

  15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

  b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before January 5, 2017, Plaintiff allegedly incurred a financial obligation to Jersey City Medical Center ("JCMC").

16. The JCMC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The JCMC obligation did not arise out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were for business purposes.

18. The JCMC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. JCMC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before January 5, 2017, the JCMC obligation was referred to STONELEIGH for the purpose of collection.

21. At the time the JCMC obligation was referred to STONELEIGH the JCMC obligation was delinquent.

22. At the time the JCMC obligation was referred to STONELEIGH the JCMC obligation was in default.

23. STONELEIGH caused to be delivered to Plaintiff a letter dated January 5, 2017, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

24. The January 5, 2017 letter was sent to Plaintiff in connection with the collection of the JCMC obligation.

25. The January 5, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the January 5, 2017 letter.

27. The January 5, 2017 letter provided a Toll Free telephone number to call between the hours of 8AM-8PM Monday-Thursday (CST) and Friday between 8AM-5PM (CST) of 877-812-8944.

28. The January 5, 2017 letter provided a mailing address of P.O. Box 1479 Lombard, IL 60148-8479.

29. The January 5, 2017 letter stated in part:

"Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

30. Section 1692g(a)(3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt…
> send the consumer a written notice containing ---

     (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

  31. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. <u>Graziano v. Harrison</u>, 950 F.2d 107, 112 (3d Cir. 1991). <u>Caprio v. Healthcare Revenue Recovery Group</u>, 709 F.3d 142 (3d Cir. March 1, 2013).

  32. The January 5, 2017 letter stated on top right side:

    Creditor:    Jersey City Medical Center
    Account No.:   xxxxxxx562
    SRA File No.:   xxxxxxx506
    Balance Due:   $1,134.45

  33. STONELEIGH knew or should have known that its actions violated the FDCPA.

  34. STONELEIGH could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

  35. It is STONELEIGH's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

  36. On information and belief, STONELEIGH sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Hudson County, New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Collection letters and/or notices, such as those sent by STONELEIGH, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. The January 5, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

40. The least sophisticated consumer upon reading the January 5, 2017 letter would be confused as to what she must do to effectively dispute the alleged debt.

41. The least sophisticated consumer upon reading the instructions in the January 5, 2017 letter would be mislead into believing that if she wished to effectively dispute the alleged, debt/obligation or any portion thereof, because she has questions concerning the amount of the "Balance Due", or did not agree with the she owed the debt/obligation, she may: (1) notify STONELEIGH by calling the toll free telephone number of 877-812-8944 between the hours provided; or (2) write to STONELEIGH at the address listed.

42. STONELEIGH 's instructions will lead the January 5, 2017 letter would least sophisticated consumer to be unsure as to what she must do to effectively dispute the alleged debt.

43. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

44. STONELEIGH violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the January 5, 2017 letter, what she must do in order to dispute the alleged debt.

45. STONELEIGH violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if she wished to dispute the alleged debt or any portion thereof, because she has questions concerning the amount of the "Balance Due", or did not agree with the she owed the debt/obligation, she may: (1) notify STONELEIGH by calling the toll free telephone number of 877-812-8944 between the hours provided; or (2) write to STONELEIGH at the address listed..

46. The January 5, 2017 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

47. The January 5, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling STONELEIGH the toll free number provided.

48. The January 5, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notify STONELEIGH in writing at the address provided.

49. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

50. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

52. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

53. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

54. Plaintiff has suffered damages and other harm as a direct result of STONELEIGH's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 5, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 25, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**STONELEIGH**
Recovery Associates

PO BOX 1118
Charlotte, NC 28201-1118      23
*Personal & Confidential*

Helping you make a better tomorrow. TODAY!

PO Box 1479 Lombard, IL 60148-8479 • Toll Free: 877-812-8944
Monday-Thursday 8AM-8PM (CST) • Friday 8AM-5PM (CST)

January 5, 2017

| | |
|---|---|
| **Creditor:** | Jersey City Medical Center |
| **Account No.:** | |
| **SRA File No.:** | |
| **Balance Due:** | $1,134.45 |

NATALIE CADILLO

Dear Natalie Cadillo:

Jersey City Medical Center has referred your delinquent account of $1,134.45 to this agency for collection.

This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor. The law does not require us to wait until the end of the 30 day period before taking further collection efforts. But, if disputed, this agency will cease collection activities until we provide you with the validation information you requested.

If you have any questions or for further information, call toll-free at 877-812-8944 Monday through Thursday between 8:00 AM and 8:00 PM (CST) or Friday between 8:00 AM and 5:00 PM (CST).

Regards,

*Francis Goldstein*
Francis Goldstein
Stoneleigh Recovery Associates, LLC

This is an attempt to collect a debt; any information obtained will be used for that purpose.
This letter has been sent by a debt collector.

▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲

NATALIE CADILLO

**Change of Address Notification**