**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATALIE CADILLO, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>STONELEIGH RECOVERY ASSOCIATES, LLC, and JOHN DOES 1-25,<br><br>     Defendants. | Civil Action No: 17-7472-SDW-SCM<br><br>**OPINION**<br><br><br>December 21, 2017 |

**WIGENTON**, District Judge.

  Before this Court is Defendant Stoneleigh Recovery Associates, LLC's ("Stoneleigh" or "Defendant") Motion to Dismiss Plaintiff Natalie Cadillo's ("Cadillo" or "Plaintiff") Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

  **I. BACKGROUND AND PROCEDURAL HISTORY**

  Plaintiff, a resident of New Jersey, incurred a financial obligation in the amount of $1,134.45 to Jersey City Medical Center ("JCMC"). (Compl. ¶¶ 6, 15-17, 32.) JCMC then referred

the obligation to Stoneleigh, a debt collection company, to collect the amount owed. (*Id.* ¶ 20.)

On January 5, 2017, Stoneleigh sent the following written notice to Plaintiff:

> Jersey City Medical Center has referred your delinquent account of $1,134.45 to this agency for collection.
>
> This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor. The law does not require us to wait until the end of the 30 day period before taking further collection efforts. But, if disputed, this agency will cease collection activities until we provide you with the validation information you requested.
>
> If you have any questions or further information, call toll-free at 877-812-8944 Monday through Thursday between 8:00 AM and 8:00 PM (CST) or Friday between 8:00 AM and 5:00 PM (CST).

(Compl. Ex. A.)

On September 26, 2017, Plaintiff filed suit in this Court against Defendant for "damages and declaratory relief arising from Defendant['s] violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA")." (Compl. ¶ 1.) Defendant filed the instant motion to dismiss on November 3, 2017. (Dkt. No. 8.) Plaintiff filed her opposition on December 4, 2017 and Defendant filed its timely reply on December 11, 2017. (Dkt. Nos. 11, 12.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief") (internal citation omitted).

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

The FDCPA, 15 U.S.C. § 1692, *et seq.*, provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir.2006) (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.2000)) (internal quotation marks omitted). As

3

the Third Circuit has articulated, this "lower standard comports with a basic purpose of the FDCPA ... to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Id.* (internal citations omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson,* 225 F.3d at 354–55 (internal quotations and citations omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* No. 07–5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568–69 (D.N.J. 2012).

Plaintiff's Complaint first alleges that Defendant's notice violated § 1692g(a)(3) of the FDCPA which requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall ... send the consumer a written notice containing ... (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). This "validation provision" ensures that consumers are notified of their rights in a timely manner. *See, e.g.*, *Wilson,* 225 F.3d at 354 ("[T]he debt validation provisions of section § 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law"). Plaintiff specifically alleges that Defendant's collection notice failed to "properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute <u>must</u> be in writing." (Compl. ¶ 39.) (emphasis in original). *See, e.g.*, *Graziano v. Harrison*, 950 F.2d 107,

4

112 (3d Cir. 1991) (holding that disputes under § 1692g(a)(3) must be in writing) ; *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 151 (3d Cir. 2013) (same).

This Court agrees. Although this Court is satisfied that Defendant's collection notice put Plaintiff on notice of her right to dispute the debt by stating: "Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid," (Compl. Ex. A), the collection letter does not adequately inform Plaintiff that she must do so in writing. The letter states: "*If* you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. *If* you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor." (*Id.* (emphasis added).) The use of the word "if" could arguably confuse the least sophisticated consumer as to whether a written response was required.[1] Therefore, for purposes of the instant motion, Plaintiff has pled facts sufficient to state a claim under § 1692a(g)(3).

Plaintiff also alleges that Defendant's notice violates § 1692e(10) which prohibits "[t]he use of any false, deceptive, or misleading representations or means to collect or attempt to collect any debt . . .." "A letter is deceptive when it can reasonably be read to have two or more

---

[1] Reading the letter as a whole, this Court is unpersuaded that the final sentence of the notice, which provides Plaintiff with a phone number to call if she had "any questions or further information," and upon which Plaintiff rests much of her argument, is necessarily problematic. Merely providing a consumer the opportunity to contact a debt collector by phone to ask additional questions does not, alone, overshadow the other requirements set out in a collection notice. *Compare Caprio*, 709 F.3d at 151 (where collection notice instructed debtor "to call or write 'if you feel you do not owe this debt'"); *and Laniado v. Certified Credit & Collection Bureau*, No. 16-3430, 2017 WL 3722712, at *3 (3d Cir. Aug. 29, 2017) (where collection notice instructed debtor to call "should there be any discrepancy").

meanings, one of which is inaccurate or contradictory to another requirement." *Devito*, 908 F. SUpp. 2d at 571 (citing *Wilson*, 225 F.3d at 354). Plaintiff argues that Defendant's "January 5, 2017 letter is misleading" because the instruction regarding how to dispute Plaintiff's debt "can be read to have two or more meaning[s]." (Compl. ¶ 45.) For the reasons set forth above, this Court finds that the least sophisticated consumer may not understand that she is required to respond in writing, and could be misled by Defendant's collection notice. Therefore, for purposes of the instant motion, Plaintiff has also pled facts sufficient to state a claim under § 1692e(10).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. An appropriate order follows.

                                        ___/s/ Susan D. Wigenton_____
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Steven C. Mannion, U.S.M.J.
                Parties