UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 2, 2017

Andrew M. Schwartz, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Counsel for Defendant*

Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.
Jones, Wolf & Kapasi, LLC
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Cadillo v. Stoneleigh Recovery Associates, LLC**
    **Civil Action No. 17-7472 (SDW) (SCM)**

Counsel:

Before this Court is Defendant Stoneleigh Recovery Associates, LLC's ("Defendant") Motion to Certify Order Denying Motion to Dismiss for Immediate Appeal under 28 U.S.C. § 1292(b). This Court having considered the submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the motion.

## DISCUSSION

A. Standard of Review

Interlocutory appeals are generally disfavored because "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation."

*Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (1978) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). However, 28 U.S.C. § 1292(b) provides an avenue for interlocutory relief if the court's order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately materially advance[s] the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotations omitted). Nevertheless, certification is "wholly within the discretion of the courts, even if the criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). Accordingly, certification for interlocutory review is to be granted sparingly because only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

  B. <u>Defendant Has Failed to Show Grounds for Interlocutory Appeal of This Court's December 21, 2017 Order</u>

  On December 21, 2017, this Court issued an Opinion and Order (the "Order") denying Defendant's motion to dismiss Plaintiff's Class Action Complaint for failure to state a claim upon which relief could be granted. (Dkt. No. 15.) In so doing, this Court found that Plaintiff had sufficiently pled that Defendant's attempt to collect a debt Plaintiff owed to a third-party violated the Fair Debt Collection Practices Act ("FDCPA") because Defendant's collection letter failed to adequately inform Plaintiff that any dispute regarding the debt must be in writing. (*Id.* at 4-5.) The Court held that "the least sophisticated consumer may not understand that she is required to respond in writing, and could be misled by Defendant's collection notice." (*Id.* 4-6.)

  This Court's Order does present a controlling question of law that, "if erroneous, would be reversible error on final appeal," *Katz*, 496 F.2d at 755; *see also Kassin v. AR Resources, Inc.*, Civ. No. 16-4171 (FLW), 2017 WL 4316391, at *2 n.3 (D.N.J. Sept. 28, 2017) (finding that a determination as to whether the least sophisticated consumer would be misled by the language of a debt collection letter is a controlling question of law). In addition, an appeal at this time would eliminate the need for trial, and indeed any further litigation. *See Kassin*, 2017 WL 4316391 at *2.

  However, Defendant has failed to show substantial ground for difference of opinion as to the Order's correctness. To pass muster, a substantial ground for a difference of opinion must arise "out of genuine doubt as to the legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). "Such doubt can stem from conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. No. 11-11, 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013) (internal citation omitted). Here, there is no doubt that the "least sophisticated consumer" standard is "the applicable standard when assessing whether a debt collection letter is misleading or employed untoward collection tactics." *Kassin*, 2017 WL 4316391 at *3; *see also Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000). That is the standard this Court applied. "[M]ere disagreement with the district court's ruling does not constitute 'a substantial ground for difference of opinion' within the meaning of'" Section 1292(b). *Cardona v. General Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996).

Accordingly, Defendant's Motion to Certify Order Denying Motion to Dismiss for Immediate Appeal will be **DENIED**.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Certification of this Court's December 21, 2017 Order for Immediate Appeal is **DENIED**. An appropriate order follows.

          /s/ Susan D. Wigenton  
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Parties  
      Steven C. Mannion, U.S.M.J.