**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATALIE CADILLO, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STONELEIGH RECOVERY ASSOCIATES, LLC, and JOHN DOES 1-25,<br><br>　　　　　　Defendants. | Civil Action No: 17-7472-SDW-SCM<br><br>**OPINION**<br><br><br>March 8, 2019 |

**WIGENTON**, District Judge.

　　Before this Court are: 1) Defendant Stoneleigh Recovery Associates, LLC's ("Stoneleigh" or "Defendant") Motion for Summary Judgment against Plaintiff Natalie Cadillo ("Cadillo" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 56; and 2) Plaintiff's Motion to Certify Class. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's Motion for Summary Judgment is **DENIED**. This Court will certify its decision for interlocutory appeal, and

will administratively terminate this matter along with Plaintiff's motion for class certification until that appeal is resolved.[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a resident of New Jersey, incurred a financial obligation in the amount of $1,134.45 to Jersey City Medical Center ("JCMC"). (D.E. 1 ¶¶ 6, 15-17, 32.) JCMC then referred the obligation to Stoneleigh, a debt collection company, to collect the amount owed. (*Id.* ¶ 20.) On January 5, 2017, Stoneleigh sent the following written notice to Plaintiff:

> Jersey City Medical Center has referred your delinquent account of $1,134.45 to this agency for collection.
>
> This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor. The law does not require us to wait until the end of the 30 day period before taking further collection efforts. But, if disputed, this agency will cease collection activities until we provide you with the validation information you requested.
>
> If you have any questions or for further information, call toll-free at 877-812-8944 Monday through Thursday between 8:00 AM and 8:00 PM (CST) or Friday between 8:00 AM and 5:00 PM (CST).

(*Id*. Ex. A.)

On September 26, 2017, Plaintiff filed suit in this Court against Defendant for "damages and declaratory relief arising from Defendant['s] violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA" [or "The Act"])." (*Id*. ¶ 1.) Defendant moved to dismiss, and this Court denied the motion and Defendant's subsequent motion for certificate of

---

[1] Plaintiff shall have the right to reinstate this matter to the Court's docket if appropriate.

appealability. (D.E. 8, 15, 16, 17, 22, 23.) The parties filed their current motions on November 8, 2018, and briefing was completed on January 15, 2019. (D.E. 36, 37, 40, 44 - 48.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's

3

evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x. 548, 554 (3d Cir. 2002).

### III. DISCUSSION

The FDCPA, 15 U.S.C. § 1692 *et seq.,* provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299,

4

303 (3d Cir. 2014)); *see also Barbato v. Greystone Alliance, LLC*, Civ. No. 18-1042, 2019 WL 847920, at *8 (3d Cir. Feb. 22, 2019). The first three elements are not at issue here, therefore, this Opinion focuses only on the question of whether Defendant has violated a provision of the FDCPA in attempting to collect the debt.

Plaintiff primarily alleges that Defendant violated 15 U.S.C. § 1692g "which requires a debt collector seeking to collect a debt to provide the consumer with certain information regarding the debt and the consumer's rights." *Coulter v. Receivables Mgmt. Sys.*, Civ. No. 17-3970, 2019 WL 634637, at *3 (E.D. Pa. Feb. 14, 2019). Pursuant to § 1692g, a debt collector must provide a consumer with a written notice containing:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

Subsections (3)-(5) set out what is commonly referred to as "the validation notice," which is intended to inform consumers of their rights in a timely manner. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 (3d Cir. 2000) ("[T]he debt validation provisions of § 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law.").

In analyzing FDCPA claims, courts apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir. 2006) (quoting *Wilson,* 225 F.3d at 354) (internal quotation marks omitted). As the Third Circuit has articulated, this "lower standard comports with a basic purpose of the FDCPA ... to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Id.* (internal citations omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson,* 225 F.3d at 354–55 (internal quotations and citations omitted). To that end, debtors are required "to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008). The question of "whether the least sophisticated debtor would be misled by a particular communication is a question of law . . .." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* Civ. No. 07–5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568–69 (D.N.J. 2012).

### A.

Plaintiff primarily alleges that the validation notice in Defendant's collection letter violated § 1692g(a)(3) because it failed to "properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing." (D.E. 1 ¶ 39 (emphasis in original); D.E. 40 at 8-11.) *See, e.g.*, *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (holding that disputes under § 1692g(a)(3) must be in writing); *Caprio v. Healthcare Revenue Recovery Grp.*, 709 F.3d 142, 151 (3d Cir. 2013) (same).

The three-sentence validation notice at issue reads as follows:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor.

(D.E. 1 Ex. A.)

In its prior Opinion denying Defendant's motion to dismiss, this Court held that this notice, despite closely tracking the statutory language of § 1692g(a)(3)-(5), violated the FDCPA because "[t]he use of the word 'if' could arguably confuse the least sophisticated consumer as to whether a written response was required." (D.E. 15 at 5.) This Court is not alone in so finding. *See, e.g.*, *Henry v. Radius Glob. Sol., LLC*, Civ. No. 18-4945, 2019 WL 266316, at *8 (E.D. Pa. Jan. 18, 2019) (determining that the least sophisticated debtor could "reasonably interpret . . . 'if' to imply two options – she can dispute the debt either orally or in writing"); *Durnell v. Stoneleigh Recovery Assocs., LLC*, Civ. No. 18-2335, 2019 WL 121197, at *4 (E.D. Pa. Jan. 7, 2019) (stating that even though the validation notice mirrors the statutory language of the FDCPA, it "does not provide a clear directive to the debtor that a dispute must be in writing" and finding that because the "notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing" it is deceptive under the Act); *Guzman v. HOVG, LLC*, 340 F. Supp. 3d 526 (E.D. Pa. 2018) (ruling that "[t]he lack of a specific reference to a written dispute in the first sentence – while the other sentences indicate that only written disputes will be effective – could reasonably be interpreted to mean that disputes under the first sentence need not be in writing"); *Poplin v. Chase Receivables, Inc.*, Civ. No. 18-404, Letter Order dated Sept. 26, 2018, D.E. 19 at 6 (finding that "[e]ven reading the 'unless' and 'if' sentences together, the

least sophisticated consumer could believe that either a written or oral response is sufficient to dispute the debt"); *Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, 292 F. Supp. 3d 629, 631-33 (E.D. Pa. 2017) (finding that the section of a validation provision that began "Unless this office hears from you within thirty (30) days after receipt of this letter . . ." was deceptive "because it suggests that the dispute may be made orally").

However, as Defendant points out, other district court decisions have taken the opposite position, finding that similar validation provisions are sufficient under the FDCPA. (D.E. 36-2 at 6-7.) *See, e.g.*, *Borozan v. Fin. Recovery Servs., Inc.*, Civ. No. 17-11542, 2018 WL 3085217, at *6 (D.N.J. June 22, 2018) (holding that a nearly identical debt collection letter "provides explicit instructions on how to dispute the debt" because the first sentence "informs the consumer the consequences if he or she fails to dispute the debt" and "the second sentence provides instructions on how to dispute the debt and the effect of disputing a debt"); *Velez v. Cont'l Serv. Grp.*, Civ. No. 17-2372, 2018 WL 1621625, at *6 (M.D. Pa. Apr. 4, 2018) (finding the validation notice "facially acceptable"); *Max v. Gordon & Weinberg P.C.*, Civ. No. 15-2202, 2016 WL 465290, at *3 (D.N.J. Feb. 8, 2016) (stating that even if the first sentence of the notice was unclear, "the remainder of the letter makes it clear that the consumer's dispute must be made in writing to constitute a valid challenge"); *Hernandez v. Mercantile Adjustment Bureau, LLC*, Civ. No. 13-843, 2013 WL 6178594, at *2 (D.N.J. Nov. 22, 2013) (finding that the sentences starting with "if" operate to modify the first sentence and as such, the least sophisticated debtor would understand that he must dispute the debt in writing); *Hillman v. NCO Fin. Sys., Inc.*, Civ. No. 13-2128, 2013 WL 5356858, at *3 (E.D. Pa. Sept. 25, 2013) (finding that "[t]he first sentence informs the consumer that the office will assume the dispute is valid unless he or she notifies the office of a dispute within thirty days. Even the least sophisticated consumer would understand

that notification referred to in the second sentence pertains to the notification of a dispute described in the first").

The Third Circuit has yet to address this question directly. In decisions involving identical or nearly identical validation notices, the Third Circuit has generally only examined "whether *other* information in a debt collection letter overshadows or contradicts the information provided in the unchallenged validation notice," but has not pointedly addressed whether this specific validation language complies with the FDCPA. *Guzman*, 340 F. Supp. 3d at 529 (noting that "[g]enerally, a debt collector will include language that mirrors Section 1692g(a) . . . and the content of that language goes unchallenged") (emphasis added); *see also Barbato*, 2019 WL 847920 at *3-4 (addressing only the question of whether defendant qualified as a debt collector, not whether an identical validation notice was valid)[2]; *Jewsevskyj v. Fin. Recovery Servs., Inc.*, 704 F. App'x 145, 149 n.7 (3d Cir. 2017) (holding that the validation notice was not "overshadowed or contradicted" by other aspects of the collection letter, but not addressing the language of the validation notice itself); *Szczurek v. Prof'l Mgmt., Inc.*, 627 F. App'x 57, 58 (3d Cir. 2015) (unpublished) (reviewing portion of debt collection letter that stated that a debtor could "avoid further contact from" the debt collector if the debtor paid the debt, but not addressing validation notice language); *Wilson*, 225 F.3d at 355-56 (addressing timing provisions of a debt collection letter but not the language of the validation notice itself); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) (invalidating collection notice that contained a demand for payment within ten days because the notice failed to effectively convey a consumer's right to dispute the debt within thirty days). Only in *Caprio v. Healthcare Revenue Recovery*

---

[2] The language of the validation notice is set forth in the district court's decision below. *See* 2017 WL 1193731, at *5 (M.D. Pa. Mar. 30, 2017).

*Grp., LLC*, has the Third Circuit touched on this issue, suggesting that the language may be sufficient, but only in dicta. *See* 709 F.3d 142, 149-50 (3d Cir. 2013) (stating that the district court had held that "the Validation Notice on the reverse side of [the defendant's] Collection Letter – at least when viewed in isolation – satisfied this statutory scheme," but holding that the validation notice was "overshadowed and contradicted" by portions of the letter that emphasized calling the debt collector, rather than disputing a debt in writing). As such, there is no clear guidance from the Third Circuit, and disagreement exists in the district courts as to how that language should be read.

With that in mind, and having a second opportunity to consider the parties' positions, this Court remains satisfied that, although Defendant's collection letter puts the least sophisticated debtor on notice of her right to dispute the debt by stating, "Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid," (D.E. 1 Ex. A), it does not adequately inform her that she must do so in writing. Rather, the first sentence merely informs her of the timeframe in which she may contest the debt; it does not clearly indicate that her dispute must be written. Nor do the two sentences that follow clearly establish that requirement. Instead, the subsequent sentences[3] can be read in two distinct ways. First, they could be understood to modify the first sentence, such that the least sophisticated debtor would be on notice that she must memorialize her dispute in writing. *See, e.g.*, *Hernandez*, 2013 WL 6178594 at *2 (determining that "a least sophisticated debtor would read both sentences together" and "would understand that the

---

[3] Those sentences read: "*If* you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. *If* you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor" (*Id.* (emphasis added).)

10

notification mentioned in the second sentence refers to the notification in the first sentence"). Alternatively, those sentences could be read to present a consumer with two independent options to obtain additional information about the alleged debt -- options that are separate and apart from the obligation to dispute the debt itself. *See, e.g.*, *Guzman*, 340 F. Supp. 3d at 531-32 (noting that the "lack of a specific reference to a written dispute in the first sentence – while the other sentences indicate that only written disputes will be effective – could reasonably be interpreted to mean that disputes under the first sentence need not be in writing"). This Court is persuaded that if federal judges "have divided on the best reading" of this validation notice, "then surely the least sophisticated debtor would be similarly confused." *Id.* at 532.[4]

**B.**

Plaintiff also alleges that Defendant's notice violates § 1692e(10) which prohibits "[t]he use of any false, deceptive, or misleading representations or means to collect or attempt to collect any debt . . .." "A letter is deceptive when it can reasonably be read to have two or more meanings, one of which is inaccurate or contradictory to another requirement." *Devito*, 908 F. Supp. 2d at 571 (citing *Wilson*, 225 F.3d at 354). Plaintiff argues that Defendant's "January 5, 2017 letter is misleading" because the instruction regarding how to dispute Plaintiff's debt "can be read to have two or more meaning[s]." (D.E. 1 ¶ 46.) "[W]hen allegations under 15 U.S.C. § 1692e(10) are based in the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g is usually dispositive." *Caprio*, 709 F.3d at 155. Therefore, for the

---

[4] Reading the letter as a whole, this Court also remains unpersuaded that the final sentence of the notice, which provides Plaintiff with a phone number to call if she had "any questions or further information," is problematic. (*See* D.E. 40 at 15-18 (setting out Plaintiff's arguments on this point).) Merely providing a consumer the opportunity to contact a debt collector by phone to ask additional questions does not, alone, overshadow the other requirements set out in a collection notice. *Cf Caprio*, 709 F.3d at 151 (where collection notice instructed debtor "to call or write 'if you feel you do not owe this debt'"); *Laniado v. Certified Credit & Collection Bureau*, 705 F. App'x 87, 90 (3d Cir. 2017) (where collection notice instructed debtor to call "should there be any discrepancy").

11

reasons set forth above, this Court finds that the least sophisticated consumer may not understand that she is required to respond in writing and could be misled by Defendant's collection notice. Defendant's motion for summary judgment will be denied as to Plaintiff's claim under § 1692e(10).

Because the validation notice at issue has engendered inconsistent legal decisions, this Court will certify its decision for interlocutory appeal. This matter shall be administratively terminated in its entirety pending appeal as there is no further discovery necessary. As previously stated, if appropriate, Plaintiff may reinstate this matter to the active docket along with its Motion for Class Certification.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **DENIED**. This Court will certify its decision for interlocutory appeal, and this matter will be administratively terminated in its entirety pending appeal. An appropriate order follows.

          /s/ Susan D. Wigenton
      **SUSAN D. WIGENTON, U.S.D.J**

Orig:     Clerk
cc:       Steven C. Mannion, U.S.M.J.
            Parties